UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| BRANDIE LEE CANTRELL | ) | No. 4:11-cv-48 |
| | ) | |
| Plaintiff, | ) | (Mattice/Carter) |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income under Title XVI of the Social Security Act.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of:

(1) Plaintiff's motion for judgment on the administrative record (Doc. 13).

(2) Defendant's motion for summary judgment (Doc. 16), and

(3) Plaintiff's Reply (Doc. 20).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age and Past Relevant Work Experience

Plaintiff was born xxxxx xx, 1977 and was 30 years old at the time of the alleged disability onset date (Tr. 117), and 32 years old at the time of the administrative decision (Tr.

19). Plaintiff testified she graduated from high school and completed training for certification as a certified nursing assistant (Tr. 30). Plaintiff served in the United States Army for approximately one month and received an honorable discharge for medical reasons (Tr. 32-33) She last worked eight or nine years prior to the administrative hearing as a Certified Nursing Assistant. This work ended just after the birth of her child (Tr. 32). She also worked as a kitchen worker, waitress and sales person (Tr. 47)

## Applications for Benefits and Findings

Plaintiff filed an application for Supplemental Security Income on June 20, 2008, alleging an onset date of June 10, 2007 (Tr. 117-20). Plaintiff's application was denied initially and on reconsideration (Tr. 56-59, 63-64). On July 8, 2010, an ALJ issued a decision denying Plaintiff's application (Tr. 11-19). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, iron deficiency, anxiety, and depression (Tr. 13, Finding no. 2). After a review of the medical evidence and Plaintiff's testimony, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with occasional climbing, stooping, bending, crouching, crawling, and kneeling (Tr. 14, Finding no. 4). The ALJ further found Plaintiff could stand or walk up to six to eight hours in an eight hour workday; sit up to six to eight hours in an eight hour workday; should not be required to stand, walk, or sit in any of the foregoing postural positions for any more than thirty minutes at a time without being able to make a position change; could perform occasional overhead reaching; could sustain concentration and persistence for most tasks; would experience some but not substantial difficulty interacting with the public; and could adapt to infrequent change in the workplace (Tr. 14, Finding no. 4).

After determining Plaintiff could not perform her past relevant work (Tr. 17, Finding no. 5), the ALJ posed a series of hypothetical questions to a vocational expert (VE) (Tr. 47-48). Based on the VE's responses, the ALJ found Plaintiff could perform other work in the national economy consistent with her vocational and functional profile, and was not disabled (Tr. 18-19, Findings no. 9, 10). The Appeals Council denied Plaintiff's Request for Review (Tr. 1-6). Plaintiff has exhausted her administrative remedies and has filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 1383(c)(3).

## Standard of Review - Findings of ALJ

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The burden of proof in a claim for social security benefits is upon the claimant to show disability. *Barney v. Sec'y of Health & Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once the claimant makes a prima facie case that she cannot return to her former occupation, however, the burden shifts to the Commissioner to show that there is work in the national economy which claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting

3

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the Court might have decided facts differently, or if substantial evidence also would have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

As the basis of the administrative decision that plaintiff was not disabled, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since June 20, 2008, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following combination of severe impairments: degenerative disc disease, iron deficiency, anxiety, and depression (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she can only occasionally climb, stoop, bend, crouch, crawl, or kneel; she could stand or walk up to 6 to 8 hours in an 8 hour workday and sit up to 6 to 8 hours in an 8 hour workday; she

4

should not be required to stand, walk, or sit in any of the foregoing postural positions for any more than 30 minutes at a time without being able to make a position change; she should not do any more than occasional overhead reaching with either arm; she could sustain concentration and persistence for most tasks; she would experience some but not substantial difficulty interacting with the public; and she could adapt to infrequent change in the workplace.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on xxxx, xx, 1959 and was 30 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 20, 2008, the date the application was filed (20 CFR 416.920(g)).

<u>Review of Evidence</u>

<u>Reports and Testimony</u>

Plaintiff reported she had been experiencing back problems for a period of about eight years prior to the hearing date and that her back problems worsened after an automobile accident in 2004, about six years before the hearing date Tr. 32-33. She had physical therapy, using a TENS Unit and was prescribed oral pain medication and monthly injections for pain from the

5

neck back and hips (Tr. 33, 44). Plaintiff further testified she suffered a life long problem with a blood disorder due to low iron. The disorder caused her to be "tired a lot and just really moody" (Tr. 34). She alleged problems with depression, anxiety and panic attacks for which she was prescribed Valium and Zoloft by physicians at the Family Health Center. At the time of the hearing Zoloft had been discontinued (Tr. 34-35, 43). She related that she experienced panic attacks one or two times weekly with the attacks lasting from 15 minutes to as long as the entire day (Tr. 35, 36). Plaintiff testified she was limited to lifting no more than a gallon of milk and that she could not lift a ten pound bag of potatoes and that activity of any type over 30 minutes caused her problems (Tr. 38, 40-42). She stated she did the housework, including vacuuming and sweeping but had to take breaks (Tr. 37). She mowed the yard every now and then with a self-propelled power lawnmower, no more than 15 minutes at a time (Tr. 38). She had no trouble going to church but did have problems sitting through the entire church service because she would fidget a lot (Tr. 39, 41).

<u>Medical Evidence</u>

Plaintiff sought treatment at the Family Health Center from January 2008 through March 2010 (Tr. 288-305, 355-403). Treatment notes indicate Plaintiff received routine injections for pain that helped with her symptoms (Tr. 288-305, 355-403). Plaintiff's lumbar spine MRI in June 2008 revealed no acute pathology with mild osteoarthropathy in the lower lumbar spine (Tr. 279). An MRI of Plaintiff's thoracic spine in June 2008 showed a normal spinal cord throughout and well maintained vertebral body height and disc space height (Tr. 280). A cervical spine MRI that same month revealed no evidence of significant spinal stenosis, focal protrusion or impingement, but showed mild degenerative disc disease (Tr. 281).

In July 2008, Joe G. Allison, M.D., a state agency physician, reviewed Plaintiff's medical records and determined Plaintiff did not have a severe physical impairment (Tr. 313-16). Dr. Allison noted Plaintiff fixed her own meals, cared for her children, and did household chores (Tr. 316). He further noted Plaintiff continued to go camping and her physical examination was within normal limits (Tr. 316). In April 2009, Kanika Chaudhuri, M.D., another state agency physician, reviewed the medical records and concurred with Dr. Allison's findings (Tr. 354).

In September 2008, William O'Brien, Psy. D., conducted a consultative psychological evaluation (Tr. 318- 21). Dr. O'Brien noted Plaintiff had a mild to moderately depressed mood; speech was fluent, clear, and unremarkable in rate; thought processes were organized and goal-directed; Judgment and insight were good. Plaintiff exhibited no evidence of hallucinations or delusions and she denied suicidal or homicidal ideation. Plaintiff counted from 1-20; counted backwards from 20-1; recited the alphabet in 7 seconds with no errors; recited the months of the year in 5 seconds with no errors; identified the current president, colors of the flag, and recent news; and she was able to recall 2 out of 3 memory items after a 10 minute interval (Tr. 320). Dr. O'Brien estimated Plaintiff had an average range of intelligence. Plaintiff stated she sweeps, mops, and vacuums her house every other day, prepares meals daily, washes dishes and laundry on an as needed basis, shops independently, independently cares for her personal needs, follows current events, and drives a car. (Tr. 320). Dr. O'Brien stated Plaintiff experienced mild to moderate disruption in her ability to sustain concentration and persistence, remembered moderate to complex instructions, maintained schedules and attendance, and met daily living tasks on a consistent basis (Tr. 321). He further stated Plaintiff

7

could travel and make plans independently, be aware of hazards and take precautions, interact socially, work with others in the workplace without distraction, accept instructions and criticism, and set realistic goals (Tr. 321).

P. Jeffrey Wright, Ph.D., a state agency psychologist, in October 2008 reviewed the evidence, including the consultative report by Dr. O'Brien, and concluded Plaintiff had no limitations in understanding and memory, can sustain concentration and persistence for tasks, will experience some, but no substantial difficulty interacting with the public, and can adapt to infrequent change (Tr. 322-38). In March 2009, Larry W. Welch, Ed.D., another state agency psychologist, reviewed the medical evidence and determined Plaintiff did not have a severe mental impairment (Tr. 340-53).

Findings of the ALJ

After reviewing the medical evidence and Plaintiff's testimony, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with occasional climbing, stooping, bending, crouching, crawling, and kneeling (Tr. 14, Finding no. 4). The ALJ found Plaintiff could stand or walk up to six to eight hours in an eight hour workday; sit up to six to eight hours in an eight hour workday; should not be required to stand, walk, or sit in any of the foregoing postural positions for any more than thirty minutes at a time without being able to make a position change; could perform occasional overhead reaching; could sustain concentration and persistence for most tasks; would experience some but not substantial difficulty interacting with the public; and could adapt to infrequent change in the workplace (Tr. 14, Finding no. 4).

After determining Plaintiff could not perform her past relevant work (Tr. 17, Finding no. 5), the ALJ posed a series of hypothetical questions to a vocational expert (VE) (Tr. 47-48). Based on the VE's responses, the ALJ found Plaintiff could perform other work in the national economy consistent with her vocational and functional profile, and was not disabled (Tr. 18-19, Findings no. 9, 10).

<u>Issues Raised</u>

1. The credibility of Plaintiff's testimony was not properly evaluated and assessed.

2. The decision of the ALJ is not supported by substantial evidence because the evidence establishes Plaintiff lacks the residual functional capacity to perform substantial gainful employment.

3. The testimony of the vocational expert (VE) conflicted with the Dictionary of Occupational Titles (DOT)

<u>Analysis</u>

For the reasons that follow, I conclude the Commissioner's determination is supported by substantial evidence and was decided following proper legal standards.

1. <u>The Credibility Determination</u>

I conclude the Administrative Law Judge properly considered Plaintiff's subjective complaints of disabling pain and other symptoms in deciding her claim (Tr. 14-17). When a Plaintiff alleges disability based on her subjective complaints, she must present objective medical evidence of an underlying medical condition. *See* 20 C.F.R. § 416.929; *Walters*, 127 F.3d at 531. If a medically determinable condition exists, the ALJ must decide if the objective

9

medical evidence confirms the severity of the alleged symptoms arising from the condition or if the condition is of such severity that it could reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 416.929; *Walters*, 127 F.3d at 531. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters*, 127 F.3d at 531.

   I conclude substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible (Tr. 17). Plaintiff had numerous complaints, but failed to provide objective medical evidence confirming the severity of her alleged symptoms, and the record as a whole does not indicate that her condition was of disabling severity. *See* 20 C.F.R. § 416.929(c)(2)-(4); *Walters*, 127 F.3d at 531-32. The medical records, as discussed by the ALJ and above, do not indicate that Plaintiff's condition was as limiting as she claimed (Tr. 14-17). Examinations performed did not reveal significant abnormalities that support Plaintiff's subjective complaints. The objective medical findings do not support Plaintiff's allegations of disabling limitations. The following medical findings provide substantial evidence to support the ALJ's finding that Plaintiff's allegations were not entirely credible. An MRI scan of Plaintiff's lumbar spine in June 2008 revealed no acute pathology with mild osteoarthropathy in the lower lumbar spine (Tr. 279). An MRI of Plaintiff's thoracic spine in June 2008 showed a normal spinal cord throughout and well maintained vertebral body height and disc space height (Tr. 280). A cervical spine MRI that same month revealed no evidence of significant spinal stenosis, focal protrusion or impingement,

but showed mild degenerative disc disease (Tr. 281).

Other supporting evidence includes the assessments of Dr. Allison and Dr. Chaudhuri, the State agency medical consultants. Their opinions provide evidence that Plaintiff's condition was not as limiting as she claimed (Tr. 313-16, 354). *See* 20 C.F.R. §§ 416.912(b)(6), 416.913©, 416.927(d)(4), (f)(2), 416.929(c)(1); SSR 96-6p. As Dr. Allison noted, Plaintiff's allegations were only partially credible because her subjective complaints were inconsistent with the objective medical evidence (Tr. 316). Dr. Allison also noted Plaintiff fixed her own meals, cared for her children, and did household chores (Tr. 316). He further noted Plaintiff continued to go camping and her physical examination was within normal limits (Tr. 316).

The ALJ also pointed to Plaintiff's activities as evidence undermining her allegations (Tr. 15). A claimant's activities may show that the claimant's symptoms are not as limiting as alleged. *See* 20 C.F.R. § 416.929(c)(3)(I); *Walters*, 127 F.3d at 532; *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). As noted by the ALJ, the record indicates Plaintiff engaged in a variety of activities, including taking her children to activities, mowing the lawn, doing laundry, shopping, cooking, and doing house cleaning (Tr. 15). Plaintiff's activities are not indicative of the disabling limitations she alleged. I agree with the argument of the Commissioner that the ALJ did not unduly rely on Plaintiff's activities in deciding her claim. He did consider Plaintiff's activities as some evidence of her ability to work. The ALJ considered Plaintiff's activities together with the other evidence in accordance with the regulations and case law. Given the evidence of record, I conclude substantial evidence supports the ALJ's credibility finding and assessment of Plaintiff's RFC. Plaintiff failed to meet

her burden of proving that her condition caused disabling limitations. *See* 20 C.F.R. §§ 416.912(a), 416.929(a); *Foster*, 279 F.3d at 353; *Walters*, 127 F.3d at 531; *Bogle*, 998 F.2d at 347. Substantial evidence supports the ALJ's assessment of Plaintiff's RFC and the ALJ's hypothetical question to the VE. The evidence does not support Plaintiff's allegations of additional limitations. Substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

2. Plaintiff's Ability to Perform Substantial Gainful Employment

For reasons that follow, I conclude the ALJ properly considered Plaintiff's Residual Functional Capacity. Plaintiff bears the burden of proving she was disabled within the meaning of the Social Security Act. *See* 42 U.S.C. § 1382c(a)(3)(H)(I); 20 C.F.R. § 416.912(a), © (2011); *Foster*, 279 F.3d at 353; *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The ALJ considered Plaintiff's disability claim using the five-step sequential evaluation process (Tr. 13-19). *See* 20 C.F.R. § 416.920. To determine if Plaintiff could perform her past relevant work at step four or other work at step five, the ALJ had to assess Plaintiff's RFC. *See* 20 C.F.R. § 416.920(a)(4)(vi)-(v), (e). Based on his consideration of the relevant evidence, the ALJ found Plaintiff could perform a range of light work, but with some additional limitations (Tr. 14, Finding no. 4). *See* 20 C.F.R. §§ 416.920(e), 416.945, 416.946(c); *see also* 20 C.F.R. § 416.967(b) (defining light work). Specifically, the ALJ found Plaintiff could occasionally climb, stoop, bend, crouch, crawl, and kneel; could stand or walk up to six to eight hours in an eight hour workday; sit up to six to eight hours in an eight hour workday; should not be required to stand, walk, or sit in any of the foregoing postural positions for any more than thirty minutes

12

at a time without being able to make a position change; could perform occasional overhead reaching; could sustain concentration and persistence for most tasks; would experience some but not substantial difficulty interacting with the public; and could adapt to infrequent change in the workplace (Tr. 14, Finding no. 4). The record, as discussed by the ALJ, provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC (Tr. 14-17).

Plaintiff's contends (Pl.'s Br. at 10-11) the ALJ's RFC finding is not supported by the medical evidence of record. I disagree. The objective medical evidence showed minimal findings (Tr. 279-81). Plaintiff's lumbar spine MRI in June 2008 revealed no acute pathology with mild osteoarthropathy in the lower lumbar spine (Tr. 279). An MRI of Plaintiff's thoracic spine in June 2008 showed a normal spinal cord throughout and well maintained vertebral body height and disc space height (Tr. 280). A cervical spine MRI that same month revealed no evidence of significant spinal stenosis, focal protrusion or impingement, but showed mild degenerative disc disease (Tr. 281).

The state agency physicians reports also provide substantial evidence to support the ALJ's RFC finding (Tr. 313-16, 354). *See* 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(d)(4), (f)(2); SSR 96-6p, 61 Fed. Reg. 34466-34468, 1996 WL 374180. State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. *See* 20 C.F.R. § 416.927(f)(2); SSR 96-6p. In July 2008, Joe G. Allison, M.D., a state agency physician, reviewed Plaintiff's medical records and determined Plaintiff did not have a severe physical impairment (Tr. 313-16). Dr. Allison noted Plaintiff fixed her own meals, cared for her

13

children, and did household chores (Tr. 316).   He further noted Plaintiff continued to go camping and her physical examination was within normal limits (Tr. 316).   In April 2009, Kanika Chaudhuri, M.D., reviewed the medical records and also determined Plaintiff did not have a severe physical impairment (Tr. 354).   Although the state agency consultants were not able to review all of the evidence, the ALJ did review all of the evidence, and their assessments are supported by the medical findings and consistent with the record as a whole.   *See* 20 C.F.R. § 416.927(d), (f); SSR 96-6p; *Walters*, 127 F.3d at 529-30; *Cutlip*, 25 F.3d at 287; *Bogle*, 998 F.2d at 347-48.   I conclude the state agency consultants' assessments also provide substantial evidence to support the ALJ's findings.   *See* 20 C.F.R. § 416.927(d), (f); SSR 96-6p; *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830, 839 (6th Cir. 2006).

  With regard to Plaintiff's mental RFC, Dr. O'Brien's consultative examination report supports the ALJ's mental RFC finding.   Dr. O'Brien estimated Plaintiff had an average range of intelligence (Tr. 320).   Dr. O'Brien stated Plaintiff experienced mild to moderate disruption in her ability to sustain concentration and persistence, remember moderate to complex instructions, maintain schedules and attendance, and meet daily living tasks on a consistent basis (Tr. 321).   He further stated Plaintiff could travel and make plans independently, be aware of hazards and take precautions, interact socially, work with others in the workplace without distraction, accept instructions and criticism, and set realistic goals (Tr. 321).

  State agency psychologist's reports also provide substantial evidence to support the ALJ's RFC finding (Tr.322-38, 340-53).   *See* 20 C.F.R. §§ 416.912(b)(6), 416.913©, 416.927(d)(4), (f)(2); SSR 96-6p, 61 Fed. Reg. 34466-34468, 1996 WL 374180.   State agency

14

consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. *See* 20 C.F.R. § 416.927(f)(2); SSR 96-6p. In October 2008, P. Jeffrey Wright, Ph.D., a state agency psychologist, reviewed the evidence, including the consultative report by Dr. O'Brien, and concluded Plaintiff had no limitations in understanding and memory, can sustain concentration and persistence for tasks, will experience some but no substantial difficulty interacting with the public, and can adapt to infrequent change (Tr. 322-38). In March 2009, Larry W. Welch, Ed.D., another state agency psychologist, reviewed the medical evidence and determined Plaintiff did not have a severe mental impairment (Tr. 340-53). Although the state agency consultants were not able to review all of the evidence, the ALJ did review all of the evidence, and their assessments are also supported by the medical findings and consistent with the record as a whole. *See* 20 C.F.R. § 416.927(d), (f); SSR 96-6p; *Walters*, 127 F.3d at 529-30; *Cutlip*, 25 F.3d at 287; *Bogle*, 998 F.2d at 347-48. Thus I conclude these state agency consultants' assessments also provide substantial evidence to support the ALJ's mental RFC findings. *See* 20 C.F.R. § 416.927(d), (f); SSR 96-6p; *McClanahan*, 474 F.3d at 839.

In this case, the ALJ properly considered all the relevant evidence and properly performed his duty of assessing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1546, 416.946; *see also* 20 C.F.R. § 404.1527(e)(2) (although an ALJ will consider opinions from medical sources on such issues as a claimant's RFC, "the final responsibility for deciding these issues is reserved for the Commissioner."); *Houston v. Secretary of Health and Human Servs.*, 736 F.2d0 365, 367 (6th Cir. 1984) ("Ultimately, the determination of disability is the prerogative of the

[Commissioner], not the treating physician").

  3. <u>The ALJ's Reliance on the Testimony of the VE and the Conflict with the Dictionary of Occupational Titles (DOT)</u>

  After assessing Plaintiff's RFC, the ALJ found that Plaintiff could not perform her past relevant work (Tr. 17, Finding no. 5). *See* 20 C.F.R. § 416.920(a)(4)(iv), (f). The ALJ, therefore, had to determine if Plaintiff could perform other work. *See* 20 C.F.R. § 416.920(a)(4)(v), (g). The ALJ utilized the framework of the Medical-Vocational Guidelines and the testimony of the vocational expert (VE) to determine that a significant number of jobs existed in the national economy that Plaintiff could perform (Tr. 18-19). In response to the ALJ's hypothetical question, the VE identified examples of jobs Plaintiff could perform given her limitations, including a sit-stand option (Tr. 48-49). The ALJ's hypothetical question set forth all the reasonable limitations Plaintiff had on her ability to work. The ALJ, therefore, properly relied on the VE's testimony to find that Plaintiff could perform other work. *See Foster*, 279 F.3d at 356-57; *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779-80 (6th Cir. 1987).

  Plaintiff contends the VE's testimony was inconsistent with the *Dictionary of Occupational Titles* ("*DOT*"). She argues SSR 00-4p provides that before an ALJ may rely upon a VE's testimony, the ALJ must address any apparent unresolved conflicts between the jobs identified by the VE and the *DOT*'s classification of those jobs, citing *Allshouse v. Commissioner of Social Security,* 2008 WL 4372646 at *10 (E.D. Mich. 2008) ( <u>See</u> Pl.'s Br. at

16

11-12). However, as the Commissioner argues, procedural perfection in administrative proceedings is not required. The Court should not vacate a judgment unless the substantial rights of a party have been affected. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). The ALJ did not ask the VE about any possible conflict between the VE evidence about the requirements of the jobs she identified and information provided in the DOT. Plaintiff, represented by counsel, also failed to ask about any possible conflict. However, the Commissioner argues, to the extent the ALJ erred, it was harmless. Plaintiff has shown no discrepancies between the DOT and the jobs the VE found that the Plaintiff could perform within the restrictions set out in the hypothetical question. See *Shinseki v. Sanders*, 566 U.S. 396, ___, 129 S.Ct. 1696, 1706 (2009) (noting the burden of showing that an error is harmful falls on the party attacking the agency's determination); *Frederick v. Comm'r of Soc. Sec.*, No. 10-cv-11349, 2011 WL 1518966, at *7-8 (E.D. Mich. Mar. 25, 2011) (unpublished disposition) (where plaintiff did not set forth any inconsistencies between VE testimony and DOT, the failure of ALJ to make the required inquiry under SSR 00-4p was harmless); *Fleeks v. Comm'r of Soc. Sec.*, No. 08-cv-13135, 2009 WL 2143768, at *7 (E.D. Mich. July 13, 2009) (harmless error where plaintiff's request for remand under SSR 00-4p was unaccompanied by any allegation that the VE's testimony actually conflicted with the DOT). I conclude the ALJ's failure to inquire of the VE pursuant to SSR 00-4p is harmless and

do not recommend remand on the basis of this purely technical error. Plaintiff has not and could not show a conflict between VE's testimony and the *DOT*, because the *DOT* does not discuss a sit/stand option. Therefore, no conflict can exist. Plaintiff points to nothing in the *DOT* indicating that these jobs cannot be performed with a sit-stand option as the VE testified (Tr. 48-49). *See* Pl.'s Br. at 11-12. The VE certainly was aware of the *DOT* because he mentioned it on four different occasions when discussing the exertional characteristics of Plaintiff's prior employment (Tr. 47). For those reasons, I conclude Plaintiff has failed to show how her claim was prejudiced because the ALJ did not ask the VE if a conflict with the *DOT* existed.

Conclusion

18

Case 4:11-cv-00048-HSM-WBC Document 22 Filed 11/05/12 Page 18 of 19 PageID #: 114

Having carefully reviewed the administrative record and the briefs of the parties filed in support of their respective motions, I conclude that there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner denying the plaintiff's application for benefits. Accordingly, I RECOMMEND:

(1) The plaintiff's motion for judgment on the administrative record (Doc. 13) be DENIED;
(2) The defendant's motion for summary judgment (Doc. 16) be GRANTED;
(3) A judgment be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure AFFIRMING the Commissioner's decision which denied benefits to the plaintiff; and,
(4) This action be DISMISSED. [1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).